**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-5037**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WALLACE ALLEN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-
05-50)

─────────────

Submitted:  March 5, 2007          Decided:  March 20, 2007

─────────────

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, John H. Chun, Assistant
Federal Public Defender, Baltimore, Maryland; Sherri Keene, OFFICE
OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Harry M. Gruber, Debra
L. Dwyer, Assistant United States Attorneys, Baltimore, Maryland,
for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wallace Allen appeals his conviction by a jury of possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2000), and the resulting 235-month sentence as an armed career criminal. On appeal, Allen asserts that the district court erred in admitting certain evidence and that his sentence violates the Sixth Amendment. We affirm.

Allen contends that the district court erred in admitting evidence of his prior assaults and prior gun possession to show that he knowingly possessed the firearm charged in the indictment. See United States v. Moye, 454 F.3d 390, 395 (4th Cir.) (discussing elements of § 922(g) offense), cert. denied, 127 S. Ct. 452 (2006). Allen contends that the evidence of his prior bad acts was extrinsic to the crime charged and should have been excluded pursuant to Fed. R. Evid. 404(b), because the testimony from Sonia Savage about his prior bad acts was uncorroborated and unreliable. Allen also asserts that the district court should have excluded the testimony under Fed. R. Evid. 403, as unfairly prejudicial.

We review the district court's admission of evidence for an abuse of discretion. See United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (stating standard of review). Our review of the record leads us to conclude that the evidence of Allen's prior assaults and gun possession was admissible under Rule 404(b) and was not unfairly prejudicial. See id. at 311-12 (discussing Rules

403 and 404(b)). To the extent that Allen asserts Savage's testimony is unreliable, the jury had before it her inconsistent statements to police and other arguments challenging her credibility and apparently rejected them. See United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002) ("[W]e do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the government."). Moreover, the district court reduced the risk of unfair prejudice by explaining the proper uses of other crimes evidence at the time Savage testified about the prior assaults and prior gun possession and again during the jury instructions. Hodge, 354 F.3d at 312; see United States v. Alerre, 430 F.3d 681, 692 (4th Cir. 2005) ("Ordinarily, of course, we presume that a properly instructed jury has acted in a manner consistent with the instructions."). Thus, we hold that the district court did not abuse its discretion in admitting evidence under Rule 404(b).

Allen also asserts on appeal that the district court violated his Sixth Amendment rights by sentencing him as an armed career criminal because his prior convictions were not submitted to the jury, proved beyond a reasonable doubt, or admitted by him. This court rejected the same argument in United States v. Cheek, 415 F.3d 349, 354 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005); see also United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006). Thus, we find no

- 3 -

error in the district court's classification of Allen as an armed career criminal.

Accordingly, we affirm Allen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED